UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MURPHEY, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14 CV 1137 RWS |
| ) | |
| ELECTRIC INSURANCE CO. ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Plaintiffs the Murpheys' Motion for Leave to File First Amended Complaint and Defendant Electric Insurance Company's Motion for Leave to File Third Party Complaint. Both parties seek to join One Way Construction, LLC in this action, as a defendant or third party defendant, respectively. For the following reasons, I will grant Plaintiffs' motion to amend their complaint and permit joinder of One Way Construction, LLC as a defendant. However, because joinder of One Way Construction, LLC will destroy subject matter jurisdiction, I will also remand this action to state court pursuant to 28 U.S.C. § 1447(e).

Plaintiffs brought this action in the Circuit Court of St. Louis County, Missouri, claiming that Defendant Electric Insurance Co. owes coverage to Plaintiffs under the terms of their homeowners' policy for damage to Plaintiffs' home. Plaintiffs alleged that the damage was caused by a "tree striking the house, wind and hail, and the weight of contents or equipment." On June 23, 2015, Defendant removed this case to this Court based on diversity jurisdiction.

Plaintiffs are citizens of Missouri, and both parties concede that One Way Construction, LLC is a Missouri limited liability company. As a result, joinder of One Way Construction would destroy diversity under 28 U.S.C. § 1332(a)(1). See OnePoint Solutions, LLC v.

Borchert, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.").

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The relevant inquiry in determining whether to permit joinder and remand the action, or to deny joinder, is "[t]he extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Alpers Jobbing Co. v. Northland Cas. Co., 173 F.R.D. 517, 520 (E.D. Mo. 1997) (internal citations omitted).

Upon review of the file and under the appropriate standard, I find that the equities favor the joinder of One Way Construction as a defendant. Both parties allege that One Way Construction was negligent when it repaired Plaintiffs' roof, and that this negligence caused at least part of the claimed damage to the home. Under these facts, joinder is permissive pursuant to Federal Rule of Civil Procedure 20(a)(2).

Additionally, there is no evidence that Plaintiffs seek to join One Way Construction for the purpose of defeating diversity jurisdiction or delaying the action. Plaintiffs only filed the Motion for Leave to Amend the Complaint after Defendant raised the issue in its Motion for Leave to File a Third Party Complaint against One Way Construction. Furthermore, because Plaintiffs argue that joinder is likely compulsory because One Way Construction may be liable for at least part of the damage to Plaintiffs' home, and resolution of the action between Plaintiffs and Defendant Electric Insurance Co. could preclude Plaintiffs from seeking any further relief

from One Way Construction in the future, there is the potential that Plaintiffs would be prejudiced or injured if joinder is not permitted. Finally, it is in the interests of judicial economy that the parties' claims be adjudicated in one action. While I am cognizant that the purpose of the removal statutes is to provide defendants with the option of choosing a federal forum when diversity does exist, this reason alone does not outweigh the reasons for allowing joinder. As a result, I will permit joinder of One Way Construction, LLC as a defendant and will remand this action to state court for lack of subject-matter jurisdiction. 28 U.S.C. § 1447(e).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint #[20] is **GRANTED** and One Way Construction, LLC shall be joined as a defendant to this action.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Third Party Complaint #[16] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, Missouri from which it was removed under 28 U.S.C. § 1447(d).

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2015.